UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 CV 3335

JUDGE BRIEANT

RAFAEL GONZALEZ,

Plaintiff,

-against-

NEW YORK STATE TROOPER THOMAS F. KEAVENEY and UNKNOWN TROOPERS 1-5,

Defendants.

Case No.

**COMPLAINT**

FILED
U.S. DISTRICT COURT
2007 APR 26 PM 2: 10
S.D. OF N.Y.

INTRODUCTORY STATEMENT

1. This is an action for damages sustained by plaintiff against police officers of the New York State Police, who unlawfully arrested, illegally searched, and wrongfully prosecuted plaintiff.

JURISDICTION

2. This action arises under Sections 1983 and 1988 of Title 42 of the United States Code, and the Fourth Amendment to the Constitution of the United States.

PARTIES

3. At all times relevant to the allegations of this complaint, plaintiff Rafael Gonzalez ("plaintiff") is an individual residing in the County of Rockland, State of New York.

4. At all times relevant to the allegations of this complaint, New York State Trooper Thomas F. Keaveney and Unknown Troopers 1-5, (collectively "defendant police officers") were employed by the State of New York to perform police duties within the State.

5. At all times relevant, defendant police officers above-named were acting within their capacities as employees of the State of New York and are sued individually.

6. At all times relevant hereto and in all their actions described herein, defendant police officers were acting under color of law and pursuant to their authority as police personnel.

## FACTUAL ALLEGATIONS

7. On the morning of October 22, 2005, at approximately 7:00 a.m., plaintiff was finishing his work shift at a service station in the County of Rockland, State of New York.

8. Defendant trooper, on information and belief defendant Thomas F. Keaveney, (hereafter "defendant Trooper" or "defendant Keaveney") arrived at the gas station and demanded that plaintiff accompany him to the trooper barracks located in Tarrytown, New York. Defendant trooper told plaintiff that he was investigating a burglary that had occurred at the gas station some weeks previously, and that plaintiff was needed for questioning.

9. Plaintiff told the trooper that he did not want to go to Tarrytown for questioning. The trooper, however, told plaintiff that he had no choice in the matter.

10. Plaintiff called his attorney on the telephone and asked him to speak to the trooper to try to ascertain what was going on. However, the trooper refused to speak to the attorney. Instead, the trooper pulled out his handcuffs, told the plaintiff that he was going to Tarrytown, handcuffed the plaintiff, and took him in his police vehicle to the troop barracks.

11. Plaintiff was kept at the troop barracks for several hours. While he was there, he was visited by his attorney. The attorney was told that plaintiff was not under arrest, but that he had been "detained" for questioning.

12. While at the barracks, plaintiff was kept handcuffed. He was also subjected to a pat down search and his pockets were emptied. On information and belief, he was never read his Miranda rights, and was subjected to questioning regarding a criminal investigation.

13. Plaintiff, after several hours of involuntary detention at the troop barracks, was issued an appearance ticket, taken for medical treatment at a local hospital for physical injuries that he had received while in police custody, and was then taken home.

14. The criminal charges against the plaintiff were subsequently dropped on motion of the prosecutor.

FEDERAL CAUSES OF ACTION

15. Each and every allegation set forth in Paragraphs "1" through "14" is incorporated herein by reference.

16. The above-described actions and omissions, engaged in under color of state authority by defendants, deprived plaintiff of the rights secured to him by the Constitution of the United States, including, but not limited to:

a. his Fourth Amendment right to be free from false arrest and false imprisonment;

b. his Fourth Amendment right to be free from illegal search;

c. his Fourth Amendment right to be free from malicious prosecution; and

11. Plaintiff was kept at the troop barracks for several hours. While he was there, he was visited by his attorney. The attorney was told that plaintiff was not under arrest, but that he had been "detained" for questioning.

12. While at the barracks, plaintiff was kept handcuffed. He was also subjected to a pat down search and his pockets were emptied. On information and belief, he was never read his Miranda rights, and was subjected to questioning regarding a criminal investigation.

13. Plaintiff, after several hours of involuntary detention at the troop barracks, was given an appearance ticket for an issue unrelated to the burglary investigation, taken for medical treatment at a local hospital for physical injuries that he had received while in police custody, and was then taken home.

14. The criminal charges against the plaintiff were subsequently dropped on motion of the prosecutor.

## FEDERAL CAUSES OF ACTION

15. Each and every allegation set forth in Paragraphs "1" through "14" is incorporated herein by reference.

16. The above-described actions and omissions, engaged in under color of state authority by defendants, deprived plaintiff of the rights secured to him by the Constitution of the United States, including, but not limited to:

a. his Fourth Amendment right to be free from false arrest and false imprisonment;

b. his Fourth Amendment right to be free from illegal search;

c. his Fourth Amendment right to be free from malicious prosecution; and

d. his Fourth Amendment right to be free from excessive force utilized by police while in their custody prior to arraignment.

ATTORNEY'S FEES

17. Plaintiff is entitled to an award of attorney's fees, pursuant to 42 U.S.C. 1988.

WHEREFORE, plaintiff demands the following relief, jointly and severally, against all defendants:

a. Compensatory damages in the amount to be determined at trial;

b. Punitive damages in the amount of to be determined at trial;

c. Attorneys' fees pursuant to 42 U.S.C. 1988; and

d. Such other and further relief as to the Court seems just and proper.

DATED: Tuxedo, New York
April 24, 2007

Respectfully,

**COBB & COBB**

By: ______________________

JOHN COBB (JC 9884)
Attorneys for Plaintiff
233 Route 17, #5
Tuxedo, NY 10987
(845) 351-5612

Index No

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAFAEL GONZALEZ,

Plaintiff,

-against-

NEW YORK STATE TROOPER THOMAS F. KEAVENEY and UNKNOWN TROOPERS 1-5,

Defendants.

**COMPLAINT**

**COBB & COBB, ESQS.**
Attorneys for Plaintiff
223 Rt. 17, #5
Tuxedo, NY 10987
(845) 351-5612