UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

RAFAEL GONZALEZ,          :
                Plaintiff,          Case No. 07-CV-3335 (CLB)
                        :          "ECF CASE"

   -against-          :          **ANSWER**

                        :
NEW YORK STATE TROOPER THOMAS
F. KEAVENEY and Unknown Troopers     :
1-5,          **JURY TRIAL DEMANDED**
                        :

                        :
             Defendants.
-------------------------------------------------------- X

      Defendant, New York State Trooper Thomas F. Keaveney ("Defendant") by his attorney, Andrew M. Cuomo, Attorney General of the State of New York, denies each and every allegation not expressly and specifically admitted below and answers the Plaintiff's Complaint, as follows:

      1.    Denies each and every allegation contained in paragraph "1" of the Complaint, except admits that Plaintiff is attempting to bring this action against the named Defendant based on the legal theories alleged therein.

      2.    Denies each and every allegation in paragraph "2" of the Complaint, except admits that Plaintiff is attempting to bring this action pursuant to the authorities cited therein.

      3.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Complaint.

      4.    Admits that Defendant Thomas F. Keaveney is employed by the New York State Police, and denies knowledge and information sufficient to form a belief as to the truth as to any of the allegations pertaining to "Unknown Troopers 1-5" contained in paragraph "4" of the Complaint.

5.  Denies each and every allegation in paragraph "5" of the Complaint to the extent that the allegations in paragraph "5" contain conclusions of law, and leave all conclusions to the discretion of the Court.

6.  Denies each and every allegation in paragraph "6" of the Complaint to the extent that the allegations in paragraph "6" contain conclusions of law, and leave all conclusions to the discretion of the Court.

7.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Complaint.

8.  Admits transporting Plaintiff to the State Police Tarrytown station for questioning and denies all remaining allegations contained in paragraph "8" of the Complaint.

9.  Denies each and every allegation contained in paragraph "9" of the Complaint.

10. Admits transporting Plaintiff to the State Police Tarrytown station in his police vehicle and denies each and every remaining allegation contained in paragraph "10" of the Complaint.

11. Denies each and every allegation contained in paragraph "11" of the Complaint.

12. Admits that Plaintiff was handcuffed while at the station and that a pat down of the Plaintiff was conducted and denies each and every remaining allegation contained in paragraph "12" of the Complaint.

13. Admits that Plaintiff was issued an appearance ticket and was transported to a local hospital for treatment for injuries and denies each and every remaining allegation contained in paragraph "13" of the Complaint.

14. Denies knowledge and information sufficient to form a belief as to the truth of the

allegations contained in paragraph "14" of the Complaint.

15. With respect to the allegations contained in paragraph "15" of the Complaint, repeat and reallege the responses set forth in paragraphs 1 through 14 above, as if fully set forth therein.

16. Denies each and every allegation contained in paragraphs "16," "16(a)," "16(b)," "16(c)," and "16(d)" of the Complaint.

17. Denies each and every allegation contained in paragraph "17" of the Complaint.

### DEFENSES

### FIRST DEFENSE

18. The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

19. Plaintiff's claims may be barred, in whole or in part, by the doctrine of res judicata and/or by the doctrine of collateral estoppel.

### THIRD DEFENSE

20. To the extent that Plaintiff asserts claims against defendant in his official capacity, the action is barred, in whole or in part, by the Eleventh Amendment and the doctrine of sovereign immunity.

### FOURTH DEFENSE

21. Plaintiff's claims may be barred, in whole or in part, through his words, conduct and/or actions, which estop the claims asserted in his complaint.

### FIFTH DEFENSE

22. Plaintiff's claims may be barred, in whole or in part, by the doctrine of laches and/or statutes of limitations.

## SIXTH DEFENSE

23. Defendant has qualified immunity in that his conduct did not violate clearly established law or that defendant was objectively reasonable in believing that his conduct conformed to the law.

## SEVENTH DEFENSE

24. The Court has no jurisdiction to hear any claim that Plaintiff may allege under state law.

## EIGHTH DEFENSE

25. Defendant has statutory immunity from any state law claim.

## NINTH DEFENSE

26. Plaintiff fails to raise claims over which this Court has subject matter jurisdiction, and specifically fails to raise a substantial federal question, and therefore this Court is, it is respectfully submitted, without jurisdiction.

## TENTH DEFENSE

27. Defendant at no time acted willfully or maliciously in disregard of Plaintiff's constitutional rights, and therefore Plaintiff is not entitled to punitive damages or other relief.

## ELEVENTH DEFENSE

28. The Complaint should be dismissed because plaintiff has or had available state judicial remedies to review the pendent state law tort claims in the New York Court of Claims.

**TWELFTH DEFENSE**

29.     The Complaint fails in that the Defendant had probable cause and arguable probable cause for Defendant's actions.

**JURY TRIAL DEMANDED**

30.     Defendant requests trial by jury.

**WHEREFORE**, answering defendant, New York State Trooper Thomas F. Keaveney demands judgment dismissing the complaint, together with costs and disbursements and reasonable attorney's fees, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       August 22, 2007

                                                Respectfully Submitted,
                                                ANDREW M. CUOMO
                                                Attorney General of the
                                                  State of New York
                                                <u>Attorney for Defendants</u>

                                                By: s/_____
                                                SABRINA JIGGETTS
                                                Assistant Attorney General
                                                120 Broadway, 24th Floor
                                                New York, New York 10271
                                                (212) 416-6082

SABRINA JIGGETTS
Assistant Attorney General
      <u>of Counsel</u>


TO:   John Cobb, Esq.
        Attorney for Plaintiff
        Cobb & Cobb
        724 Broadway
        Newburgh, NY 12550